IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTWONE CRUZ,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6270 |
| PHILA FAMILY COURT,<br>    Defendant. | : | |

## MEMORANDUM

**PEREZ, J.**                                                                                                    NOVEMBER 25, 2025

Plaintiff Antwone Cruz, a self-represented litigant, filed this civil rights action against the Philadelphia Family Court ("Family Court"). He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Cruz leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because it is frivolous.

### I.     FACTUAL ALLEGATIONS[1]

Cruz's Complaint is sparse. He essentially claims the Family Court violated his due process rights by subjecting him to a "fraudulent contract" since January 2000 that requires him to pay child support. (Compl. at 3-5.) As a result, Cruz allegedly experienced "mental anguish" because, among other things, he was required to perform "unnecessary strenuous labor to pay off a fraudulent claim." (*Id.* at 5.) He seeks millions of dollars in damages. (*Id.*)

### II.    STANDARD OF REVIEW

The Court will grant Cruz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

---

[1] The following allegations are taken from the Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Cruz is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Cruz brings his constitutional claim pursuant 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, the Family Court, as part of Pennsylvania's Unified Judicial System, is an arm of the Commonwealth of Pennsylvania that may not be sued under § 1983 because it is not considered a "person" for purposes of that provision, and because it shares in the Commonwealth's Eleventh Amendment immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also Parker v. Lehigh Cnty. Domestic Relation Court*, 621 F. App'x 125, 128 (3d Cir. 2015) (*per curiam*) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit."); *Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015) (*per curiam*) (concluding that district court correctly dismissed complaint as frivolous, including on Eleventh Amendment grounds).  The Complaint also lacks legal merit because it appears to be

predicated on frivolous arguments grounded in sovereign citizen theory and, regardless, does not allege any facts supporting the existence of a due process violation. *See, e.g., Ibrahim v. New Jersey Off. of Att'y Gen.*, No. 21-1129, 2021 WL 3012670, at *2 (3d Cir. July 16, 2021) (*per curiam*) (rejecting, as "frivolous," argument that state court lacked jurisdiction in child support case based on plaintiff's contract theory).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Cruz leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous. Cruz will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows, which dismisses this case, and which shall be docketed separately.

**BY THE COURT:**

**HON. MIA R. PEREZ**